OLD UNDERWRITERS, INCORPORATED ET AL. *v.*
LINCOLN, ADMINISTRATOR.

[No. 18,279.   Filed October 23, 1952.]

*Fenton, Steers, Beasley & Klee,* all of Indianapolis; *Nichols & Nichols,* both of Knox, for appellant.

*Louis Reidelbach,* of Winamac and *Robert N. Moore,* of Gary, for appellee.

ROYSE, P. J.—Appellee's decedent was killed in an automobile accident while riding as a passenger in an automobile owned and operated by one Donald Brown. Appellee herein brought an action for damages against said Brown. That action was tried in the Starke Circuit Court. Appellee recovered a judgment against said Brown for $4,500.00. That judgment was never appealed. Upon execution against said Brown being returned unsatisfied, appellee brought this action against appellant as Brown's insurance carrier.

The material allegations of appellee's complaint may be summarized as follows: That appellant, through its duly authorized agent, did insure said Brown with a liability policy insuring said Brown against any loss that might be suffered by any person by virtue of personal injury through the use of Brown's automobile; that appellant, through its agent, accepted payment on said policy; that the policy covered the year from August 24, 1947 to August 24, 1948; that on the night of August 30-31, 1947, said Brown was driving said automobile and was carrying with him appellee's decedent; that while so driving he had an accident in which said passenger was mortally wounded; that thereafter, appellee brought this action against said Brown, who gave appellant due notice of said accident and notified it of the filing and pendency of said suit;

that appellant failed to appear and defend said action; that judgment resulted as heretofore indicated; that appellant refused to pay said judgment on demand of appellee. Appellant filed answer of admission and denial under the rules. Trial to a jury resulted in a verdict and judgment against appellant for $4,500.00.

The error assigned here is the overruling of appellant's motion for a new trial. In view of the conclusion we have reached, it is necessary to consider only the sixth specification of this motion—the trial court erred in refusing to give appellant's tendered instruction No. 2 which directed the jury to return a verdict in its favor at the close of all the evidence.

Appellant contends that even if it be conceded it issued a policy to said Brown, the provisions of that policy did not cover appellee's decedent.

In the signed application of said Brown for insurance from appellant there is the following statement of the type of coverage which Brown applied for:

| "Application Fee | Insurance Applied For | Agent's Estmd. Annual Prem. Cost | Do Not Write In These Columns |
|---|---|---|---|
| 10.00 | Preferred Liability and Property Damage | ( ( 24.00 ( ( | |
| | Medical Occupants | | |
| 8.00 | Collision, Full Ded. $50 Convertible___ | 16.00 | |
| 4.00 | Comprehensive | 9.00 | |
| | Fire | | |
| | Theft | | |
| | Cyclone | | |
| 22.00 | Totals | 49.00 | |

This Policy to Take Effect at Noon July 24, 1947.

Contract issued for · Three . Years.

IN WITNESS WHEREOF, I have hereunto set my hand this 24 day of July, 1947.

      (Signed) J. N. DILL

               Agent and Witness

Down Payment Collected Herewith, $------------------------

Premium Collected Herewith, $----------------------------

Is this New or Renewal Business? New

Renewal Number -------------------------------------.

      (Signed) DONALD BROWN

               (Subscriber Must Sign Here) ·

I hereby fully understand that I am making application for a (Convertible or $------------) Deductible Collision Policy, when I make this additional signature.

       (Signed) DONALD BROWN    "

Appellant's insurance policy contained among others the following provisions:

> "COVERAGE A. To pay any loss by reason of the liability imposed by law upon the subscriber for damages, on account of bodily injury, including death resulting therefrom, accidentally inflicted or alleged to have been inflicted, upon any person while this policy is in force, and directly caused by the use or operation of any automobile described herein for the purposes named in Warranty Three (3) of this policy.
>
> . . . .
>
> ITEM 5. This contract does not cover any liability or obligation imposed upon the subscriber or other assured by reason of (1) any Workmen's Compensation Law, (2) nor any claims for injuries to the occupants of the insured car unless provided by special endorsement attached hereto. . . ."

Appellant contends since there was no special endorsement requested in the application or attached to the policy, appellee's decedent was not covered by the policy.

Appellee contends that the provision "A" set out above controls and therefore he is covered by the policy. For reasons hereinafter stated, we cannot agree with this contention.

In the case of *Automobile Underwriters, Inc. et al.* v. *Jeanette Camp, By Next Friend, et al.* (1940), 217 Ind. 328, 28 N. E. 2d 68, 128 A. L. R. 1024, our Supreme Court had before it precisely the same question now before us. In referring to practically analogous provisions of the policy before it, the Court said:

> ". . . In other words, it's appellee's contention that the above quoted parts of the policy create an ambiguity, and, under such circumstances, the court should adopt the construction most favorable to the insured. Many cases are cited by appellee to the well understood rule of law that where ambiguous language is found in a contract and it becomes necessary to determine the meaning of the ambiguous language, the court will construe the language used, most strongly against the party drafting the instrument. But we see no occasion for invoking rules of construction for the reason that we find no ambiguity involved. Clause 10 of the heading 'Schedule of Warranties', is perfectly understandable. If it could be said that the words 'Liability Insurance' is unlimited in its scope, as contended by appellee, by the same reason it could be contended that liability would be unlimited in amount, but both the amount and kind of public liability insured against is limited clearly by the provision contained in the policy. We think the term 'Occupancy Coverage', as used in the original application and again in the transfer, when taken with the last sentence of paragraph 'F' in defendant's exhibit 'A' is perfectly clear and understandable, and therefore is not subject to the rules of interpretation of ambiguous contracts.
>
> "Courts are not at liberty to make contracts for individuals. They have a right to make such contracts as in their judgment are proper. . . ."

It seems perfectly clear to us that Brown's application indicates he knew and understood the policy of insurance he was applying for did not cover his liability for injuries to passengers in his car anymore than it covered fire, theft or cyclone insurance. If Brown had paid the judgment we do not believe he could have recovered from appellant under this policy. Appellee is in the same position. *Automobile Underwriters, Inc. Et Al.* v. *Jeanette Camp, Et Al., supra,* p. 345.

We are of the opinion the decision in the above cited case is binding on us in the determination of this case. Therefore, we hold the trial court erred in refusing to give appellant's instruction No. 2 at the close of all the evidence in this case.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings in accord with the views expressed herein.

NOTE.—Reported in 108 N. E. 2d 192.